**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph Nader, et al., | ) | No. CV-04-1699-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Janice Brewer, in her official capacity as Secretary of State, | ) | |
| Defendant. | ) | |

Plaintiffs filed this 42 U.S.C. § 1983 action on August 16, 2004, challenging as unconstitutional Arizona's election statutes governing independent candidates' access to Arizona ballots. On September 14, 2004, we denied plaintiffs' motion for an expedited temporary restraining order and motion for preliminary injunction. Plaintiffs filed an interlocutory appeal, and on November 18, 2004, the United States Court of Appeals for the Ninth Circuit affirmed our decision ("2004 appeal"). On June 9, 2006, we granted defendant's motion for summary judgment (doc. 59), and plaintiffs appealed. On August 15, 2008, the Ninth Circuit reversed and remanded with instructions to enter judgment in favor of plaintiffs ("2008 appeal"). On March 9, 2009, the United States Supreme Court denied defendant's petition for writ of certiorari.

We now have before us plaintiffs' motion for attorneys' fees (doc. 74), and supporting memorandum (doc. 79), defendant's response (doc. 80), and plaintiffs' reply (doc. 82).

1  In cases brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the
2  prevailing party, other than the United States, a reasonable attorney's fee as part of the
3  costs." 42 U.S.C. § 1988(b). The parties do not dispute that plaintiffs are the prevailing
4  parties. Therefore, the only issue before us is whether plaintiffs' request for fees and costs
5  in the amount of $265,361.98 is reasonable. Of the total claimed fees, $39,712.50 was
6  incurred for work on the 2004 appeal, and $76,980 was incurred for work on the 2008
7  appeal, or a total of $116,692.50 in appellate fees.[1] The starting point for determining an
8  attorneys' fee award is the number of hours reasonably expended on the litigation multiplied
9  by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939
10 (1983).

11  Defendant first argues that plaintiffs are not entitled to any fees incurred in pursuing
12 their appeals. Under Ninth Circuit Rule 39-1.6, a request for attorneys' fees must be filed
13 no later than 14 days after the expiration of the period within which a petition for rehearing
14 may be filed or after the court's disposition of any petition for rehearing. Alternatively, a
15 party who is eligible for attorneys' fees may "within the time permitted in Circuit Rule 39-
16 1.6, file a motion to transfer consideration of attorneys' fees on appeal to the district court."
17 9th Cir. R. 39-1.8.

18  The "decision to permit the district court to handle [a request for appellate attorney's
19 fees] rests with the court of appeals." Cummings v. Connell, 402 F.3d 936, 948 (9th Cir.
20 2005). In the absence of a transfer of the matter pursuant to Ninth Circuit Rule 39-1.8, "the
21 district court [is] not authorized to rule on the request for appellate attorney's fees." Id.
22 Plaintiffs were the prevailing party with respect to the 2008 appeal, however, they did not
23 submit an application for fees or file a motion to transfer consideration of fees until more

---

[1] These figures are based on the chart submitted with defendant's response to the motion for fees, to which plaintiffs did not object. Response, Chart 1.

- 2 -

...

1  than two months after the deadline.[2] The Ninth Circuit has not transferred plaintiffs' motion
2  for attorneys' fees to us. Therefore, we deny plaintiffs' motion for appellate attorneys' fees
3  in the amount of $76,980.00 and costs related to the 2008 appeal.

4  The motion for fees related to the 2004 appeal presents a different issue. Plaintiffs
5  filed an interlocutory appeal of our denial of their motion for preliminary injunction. The
6  Ninth Circuit affirmed that decision. Therefore, plaintiffs were not the prevailing party and
7  were not entitled to fees at that stage of the litigation. Plaintiffs argue that they are
8  nevertheless entitled to fees for their unsuccessful appeal because they ultimately prevailed
9  on the merits of their claims. We agree that circumstances may exist where a party is entitled
10 to fees for an unsuccessful intermediate appeal where it is established that time spent on the
11 appeal "contribute[d] to the ultimate victory in the lawsuit." See Twentieth Century Fox
12 Film Corp. v. Entertainment Distrib., 429 F.3d 869, 884 (9th Cir. 2005) (quoting Cabrales
13 v. Los Angeles, 935 F.2d 1050, 1052 (9th Cir. 1991)). However, that is not the case here.

14 We denied plaintiffs' motion for preliminary injunction based primarily on our
15 conclusion that plaintiffs were dilatory in filing their action challenging Arizona's election
16 statutes. At the September 10, 2004 hearing on the motion for preliminary injunction, we
17 noted that plaintiffs were aware of their claims at least six weeks before filing the lawsuit,
18 and that their delay in filing their action not only raised the issue of laches, but also rendered
19 any possible provisional remedy unduly burdensome on the state's election process. 9/10/04
20 Hearing Transcript at 53-56. On appeal, the Ninth Circuit agreed stating that "[r]egardless
21 of [plaintiffs'] probability of success on the merits, [their] delay in bringing this action and
22 the balance of hardships in favor of the [defendant] were so great that . . . the [plaintiffs] are
23 not entitled to relief." Nader v. Brewer, 386 F.3d 1168, 1169 (9th Cir. 2004).

---

[2] Plaintiffs filed a motion to transfer consideration of fees to the district court on November 3, 2008, more than two months after the deadline. They filed a motion for attorneys' fees in the amount of $228,701.10 on November 14, 2008, two and a half months after the deadline. Both motions remain pending with the Ninth Circuit.

- 3 -

1  Under these circumstances, we cannot say that time spent on the unsuccessful
2  preliminary injunction motion contributed to the ultimate victory in the lawsuit. Plaintiffs'
3  motion for provisional relief, both in this court and before the Ninth Circuit, was decided not
4  on an assessment of the merits of the claims, but on the undue hardship caused by plaintiffs'
5  delay.  The analysis of the relative burdens on the parties was distinct from plaintiffs'
6  successful claims. Therefore, we deny plaintiffs' motion for attorneys' fees related to the
7  2004 appeal in the amount of $39,712.50, and related costs. For the same reasons, we also
8  deny reimbursement for the approximately 47 hours in attorneys' fees and 4 hours in
9  paralegals' fees incurred in this court in support of the motion for preliminary injunction.
10  The remaining requested fees in this court are 358.9 hours–303.7 hours for attorney
11  Barnes at a rate of $350 an hour, and 24.4 hours for attorney Bernhoft at a rate of $450 an
12  hour. In addition, plaintiffs seek to recover 30.8 hours of fees incurred by paralegals at a rate
13  of $125 an hour.
14  The party seeking fees "has the burden to prove that the rate charged is in line with
15  the prevailing market rate of the relevant community." Carson v. Billings Police Dep't, 470
16  F.3d 889, 891 (9th Cir. 2006) (quotation omitted). The "relevant community" in this case
17  is Phoenix. A reasonable hourly rate is based, in part, on the experience, skill, and reputation
18  of the lawyer requesting the fee. Attorneys Barnes and Bernhoft both received their licenses
19  to practice law in 2001, just three years before this lawsuit was filed. They argue, however,
20  that because this litigation has lasted almost five years, the fee calculation should be based
21  on their current years of experience, as well as the current prevailing rates. See Bell v.
22  Clackamas County, 341 F.3d 858, 868 (9th Cir. 2003).
23  Attorneys Barnes and Bernhoft rely on official statistics from the State Bar of
24  Arizona's 2007 study on the economics of law practice in Arizona to establish that their
25  hourly rates of $350 and $450, respectively, are reasonable (doc. 82, exhibit A). They note
26  that lawyers in firms of a comparable size as their own bill at an hourly of $350, and that
27  lawyers with six to ten years of experience bill at an hourly rate $326. Id. at Table 24. But
28  these figures represent rates in the 95th percentile. Barnes and Bernhoft present no evidence

1 to establish that they are entitled to the highest rates received by lawyers in comparable
2 categories. Instead, the same chart establishes that the median billable rate in firms of three
3 to six lawyers is $225 an hour, and the median billable rate of lawyers with six to ten years
4 of experience is $200 an hour. Id. Given that Barnes and Bernhoft currently each have
5 seven years of experience, we conclude that an hourly rate of $200 is appropriate. Barnes
6 and Bernhoft expended a total of 328.1 compensable hours in this court. Accordingly, their
7 reasonable fee is $65,620.

8 Plaintiffs also seek recovery for 30.8 hours of fees for paralegal services at an hourly
9 rate of $125. Plaintiffs do not report the paralegals' years of experience. According to Table
10 26, legal assistants with one to four years of experience bill at a median rate of $90 an hour.
11 We believe this is a reasonable rate for the paralegals' services in this case. Therefore,
12 plaintiffs are entitled to recover $2,772 in paralegal fees, or a total of $68,392 in attorneys'
13 fees.

14 Finally, plaintiffs seek $10,623 in costs. The majority of this amount ($6,746)
15 includes costs associated with the two appeals, other costs include taxable costs ($800), or
16 unreasonable travel costs ($380). Therefore, allowable costs are reduced to $2,697.

17 **IT IS ORDERED GRANTING** plaintiffs' motion for attorneys' fees and costs in the
18 total amount of $71,089 (doc. 74).

19 DATED this 27th day of March, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge