**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Nader, et al., | No. CV-04-1699-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Janice Brewer, in her official capacity as Secretary of State, | |
| Defendant. | |

We now have before us, Nader's motion for reconsideration of our order awarding attorneys' fees (doc. 89), and Nader's supplemental motion for attorneys' fees and costs (doc. 90), defendant's response (doc. 91), and Nader's reply (doc. 92).

**I. Motion for Reconsideration**

Nader asks us to reconsider our order granting in part and denying in part Nader's motion for fees and costs (doc. 87). Specifically, Nader asks us to reconsider our conclusion that we lacked authority to rule on Nader's request for fees related to the 2008 appeal because the Ninth Circuit had not transferred the matter to us pursuant to Ninth Circuit Rule 39-1.8. The Ninth Circuit has since issued an order granting Nader's motion for attorney's fees related to the 2008 appeal and remanding the matter to us for determination of the appropriate amount of fees. Therefore, Nader's motion for reconsideration is granted (doc. 89).

In his original motion for attorneys' fees, Nader sought recovery for 187.8 total hours of attorneys' fees, and 60.20 hours in paralegal fees related to the 2008 appeal. We will award fees only for "the number of hours reasonably expended on the litigation." Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984). We think that the number of claimed hours related to the 2008 appeal is excessive given that the arguments and authorities presented on appeal were essentially the same as those relied upon in the district court. Barnes and Bernhoft performed the work in the district court and were fully familiar with the relevant issues and law by the time they filed the 2008 appeal. Moreover, the request for fees includes fees for inadequately described services, secretarial services, and for travel time, all of which are generally not recoverable. Therefore, we reduce the total hours of attorneys' fees to 140 and the paralegal hours to 30.

In our earlier order (doc. 87), we concluded that $200 is an appropriate hourly rate for attorneys' fees based on Barnes and Bernhoft's experience, skill, and reputation. We also relied upon the official statistics from the State Bar of Arizona's 2007 study on the economics of law practice in Arizona submitted by Barnes and Bernhoft as evidence of the prevailing market rate in Arizona. We also concluded that $90 is an appropriate hourly rate for paralegal services. Therefore, fees related to the 2008 appeal are awarded in the total amount of $30,700.

Nader also seeks to recover $2,638.34 in travel expenses related to the 2008 appeal, which includes $1,105.00 for a two-night stay in San Francisco, although the argument before the Ninth Circuit concluded before noon, as well as chauffeur services in excess of $438.00, and $817.01 labeled simply "travel expense." These costs are both excessive and inadequately described. Therefore, we reduce allowable costs to $800.00.

We grant Nader's motion for fees and costs related to the 2008 appeal in the total amount of $31,500.

## II. Supplemental Motion for Fees and Costs

Nader also seeks a supplemental award of attorneys' fees and non-taxable costs related to work performed between November 17, 2008 and March 23, 2009, including preparation of the attorneys' fee motion and in defending against defendant's petition for writ of certiorari. Nader seeks fees for an additional 108.9 total hours for services performed by attorneys Barnes and Bernhoft, and 49.8 hours for paralegal/attorney Treuden's services, including 30.3 hours as a paralegal, and 19.5 hours as a lawyer after his admission to the bar. Defendant does not challenge the number of claimed hours.

As noted above, we have determined that $200 is an appropriate hourly rate for attorneys and $90 for paralegals. We also conclude that $125 is an appropriate hourly rate for Treuden's services following his admission to the practice of law.

Based on the foregoing, Nader's motion for an award of supplemental attorneys' fees is granted in the total amount of $26,944.50, and non-taxable costs in the amount of $6,703.50, for a total award of $33,648.00.

**IT IS ORDERED GRANTING** Nader's motion for reconsideration and granting fees and costs related to the 2008 appeal in the amount of $31,500 (doc. 89).

**IT IS FURTHER ORDERED GRANTING** Nader's supplemental motion for fees and costs in the amount of $33,648.00 (doc. 90).

DATED this 27th day of July, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge